1
2
3
4                                            *E-Filed 4/7/10*
5
6
7
8                           UNITED STATES DISTRICT COURT
9                          NORTHERN DISTRICT OF CALIFORNIA
10                             SAN FRANCISCO DIVISION
11

12   GEORGE MOTA VENTURA,                    No. C 10-0762 RS (PR)

13              Petitioner,                  **ORDER TO SHOW CAUSE;**

14       v.                                  **GRANTING LEAVE TO PROCEED
                                             IN FORMA PAUPERIS**
15   JAMES A. YATES, Warden,

16              Respondent.
                                     /
17

18                                  **INTRODUCTION**

19        Petitioner George Mota Ventura, a state prisoner at Soledad State Prison, filed this *pro

20   se* action for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  His petition is now before

21   the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing

22   Section 2254 Cases.

23                                  **BACKGROUND**

24        According to the petition, petitioner, in 2003, was found guilty of making a terrorist

25   threat.  Petitioner has not stated what sentence was imposed.  Petitioner sought, and was

26   denied, relief on direct and collateral state review.  This federal petition followed.

27

28
                                                      No. C 10-0762 RS (PR)
                                                      ORDER TO SHOW CAUSE

**DISCUSSION**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.  Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.  *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

As grounds for federal habeas relief, petitioner alleges that he received ineffective assistance of (1) defense counsel, and (2) appellate counsel, in violation of the Sixth Amendment.  Liberally construed, these claims appear to be cognizable in a federal habeas action.

**MOTIONS**

Petitioner's motion to proceed *in forma pauperis* (Docket No. 2) is GRANTED, good cause appearing therefor.

**CONCLUSION**

1.  The Clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto, on respondent and respondent's counsel, the Attorney General for the State of California.  The Clerk shall also serve a copy of this order on Petitioner.

2.  Respondent shall file with the Court and serve on petitioner, within **ninety (90)** days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that previously have been transcribed and that are relevant to a determination of the issues presented by the

No. C 10-0762 RS (PR)
ORDER TO SHOW CAUSE

1  petition.

2          3.  If petitioner wishes to respond to the answer, he shall do so by filing a traverse

3  with the Court and serving it on respondent's counsel within **thirty (30)** days of the date the

4  answer is filed.

5          4.  In lieu of an answer, respondent may file, within **ninety (90)** days of the date this

6  order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory

7  Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files

8  such a motion, petitioner shall file with the Court and serve on respondent an opposition or

9  statement of non-opposition within **thirty (30)** days of the date the motion is filed, and

10  respondent shall file with the Court and serve on petitioner a reply within **fifteen (15)** days of

11  the date any opposition is filed.

12          5.  Petitioner is reminded that all communications with the Court must be served on

13  respondent by mailing a true copy of the document to respondent's counsel.

14          6.  It is Petitioner's responsibility to prosecute this case.  Petitioner must keep the

15  Court and respondent informed of any change of address and must comply with the Court's

16  orders in a timely fashion.  Failure to do so may result in the dismissal of this action for

17  failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

18          7.  Upon a showing of good cause, requests for a reasonable extension of time will be

19  granted provided they are filed on or before the deadline they seek to extend.

20          8.  Petitioner's motion to proceed *in forma pauperis* is GRANTED.

21          9.  This order terminates Docket No. 2.

22          **IT IS SO ORDERED**.

23  DATED:  April 7, 2010

                                                    RICHARD SEEBORG
24                                                  United States District Judge

25

26

27

28

1

**THIS IS TO CERTIFY THAT A HARD COPY OF THIS ORDER WAS MAILED TO:**

2
George A. Ventura
V-03086
3
Soledad State Prison
P. O. Box 705
4
Soledad, CA 93960

5

6
DATED:  04/7/2010

7

8
s/ Chambers Staff
Chambers of Judge Richard Seeborg

9

10
* Counsel are responsible for distributing copies of this document to any co-counsel who have
11
not registered with the Court's electronic filing system.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

No. C 10-0762 RS (PR)
ORDER TO SHOW CAUSE