*E-Filed 2/22/13*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GEORGE MOTA VENTURA, | No. C 10-0762 RS (PR) |
| Petitioner, | **ORDER OF DISMISSAL** |
| v. | |
| JAMES A. YATES, Warden, | |
| Respondent. | |

## INTRODUCTION

Petitioner seeks federal habeas relief from his state convictions. Respondent moves to dismiss as untimely the petition for such relief. Petitioner has not filed an opposition. For the reasons discussed herein, respondent's motion (Docket No. 17) is GRANTED. The petition is DISMISSED.

## DISCUSSION

**A.  Standard of Review**

Federal habeas petitions must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by

unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1). "[W]hen a petitioner fails to seek a writ of certiorari from the United States Supreme Court, the AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13 expires." *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).

### B.     Timeliness of the Petition

Petitioner's conviction became final on May 24, 2005, when the time expired for appealing to the United States Supreme Court the state supreme court's denial of his petition for direct review. Petitioner, then, had until May 25, 2006 to file a timely federal habeas petition. The instant petition was filed on February 23, 2010, well after the May 25, 2006 deadline. On this record, absent statutory or equitable tolling, the petition is barred by AEDPA's statute of limitations and must be dismissed.

#### 1.     Statutory Tolling

Petitioner filed his first state habeas petition on August 5, 2008, which was after the May 25, 2006 federal habeas filing deadline. For purposes of statutory tolling, the time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year limitations period. *See* § 2244(d)(2).

Petitioner is not entitled to statutory tolling. A state habeas petition filed after AEDPA's statute of limitations ended, here the August 5, 2008 state petition, cannot toll the limitation period. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003). Section 2244(d)(2) cannot "revive" the limitation period once it has run (i.e., restart the clock to zero); it can only serve to pause a clock that has not yet fully run. "Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Rashid v. Kuhlmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998). Because petitioner filed his

first state habeas petition after the filing date for a federal habeas petition, he is not entitled to statutory tolling. Absent equitable tolling, the petition must be dismissed.

### 2. Equitable Tolling

As petitioner has not filed an opposition, he has shown no basis for equitable tolling. Therefore, he has not shown "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999).

## CONCLUSION

For the reasons stated above, respondent's motion to dismiss the petition as untimely (Docket No. 17) is GRANTED. Accordingly, the action is DISMISSED.

A certificate of appealability will not issue. Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Clerk shall enter judgment in favor of respondent, terminate Docket No. 17, and close the file.

**IT IS SO ORDERED**.

DATED: February 22, 2013

RICHARD SEEBORG
United States District Judge