*E-Filed 8/7/13*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

GEORGE MOTA VENTURA,

                Petitioner,

    v.

JAMES A. YATES, Warden,

                Respondent.

_____/

No. C 10-0762 RS (PR)

**ORDER OF DISMISSAL**

**INTRODUCTION**

    Petitioner seeks federal habeas relief from his state convictions. Respondent filed a motion to dismiss as untimely the petition for such relief. The Court granted this unopposed motion. The action was reopened pursuant to a motion by petitioner. The judgment and the order of dismissal were vacated, the motion to dismiss was reinstated, and petitioner filed an opposition. For the reasons discussed herein, respondent's motion (Docket No. 17) is GRANTED. The petition is DISMISSED.

**DISCUSSION**

**A.**     **Standard of Review**

    Federal habeas petitions must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed

United States District Court
For the Northern District of California

1   for seeking direct review; (2) an impediment to filing an application created by

2   unconstitutional state action was removed, if such action prevented petitioner from filing;  (3)

3   the constitutional right asserted was recognized by the Supreme Court, if the right was newly

4   recognized by the Supreme Court and made retroactive to cases on collateral review; or (4)

5   the factual predicate of the claim could have been discovered through the exercise of due

6   diligence.  *See* 28 U.S.C. § 2244(d)(1).  "[W]hen a petitioner fails to seek a writ of certiorari

7   from the United States Supreme Court, the AEDPA's one-year limitations period begins to

8   run on the date the ninety-day period defined by Supreme Court Rule 13 expires."  *Bowen v.*

9   *Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).

10  **B.      Timeliness of the Petition**

11          Petitioner's conviction became final on May 24, 2005, when the time expired for

12  filing for United States Supreme Court review of the state supreme court's denial of his

13  petition for direct review.  Petitioner, then, had until May 25, 2006 to file a timely federal

14  habeas petition.  The instant petition was filed on February 23, 2010, well after the May 25,

15  2006 deadline.  On this record, absent statutory or equitable tolling, the petition is barred by

16  AEDPA's statute of limitations and must be dismissed.

17          **1.      Statutory Tolling**

18          Petitioner filed his first state habeas petition on August 5, 2008, which was after the

19  May 25, 2006 federal habeas filing deadline.  For purposes of statutory tolling, the time

20  during which a properly filed application for state post-conviction or other collateral review

21  is pending is excluded from the one-year limitations period.  *See* § 2244(d)(2).

22          Petitioner is not entitled to statutory tolling.  A state habeas petition, here that of

23  August 5, 2008, which was filed after AEDPA's statute of limitations ended, cannot toll the

24  limitation period.  *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).  Section

25  2244(d)(2) cannot "revive" the limitation period once it has run (i.e., restart the clock to

26  zero); it can only serve to pause a clock that has not yet fully run.  "Once the limitations

27  period is expired, collateral petitions can no longer serve to avoid a statute of limitations."

28

No. C 10-0762 RS (PR)
ORDER OF DISMISSAL

*Rashid v. Kuhlmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998). Because petitioner filed his first state habeas petition after the filing date for a federal habeas petition, he is not entitled to statutory tolling. Absent equitable tolling, the petition must be dismissed.

**2. Equitable Tolling**

In his opposition, petitioner asserts that he is entitled to equitable tolling. His reasons are that (1) he is inexperienced in the law, has limited education, had limited access to the prison libraries and to his legal papers, and that (2) trial and appellate counsels rendered ineffective assistance.

A petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) ("When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate.")

Petitioner has not shown that he is entitled to the extraordinary relief of equitable tolling. As to his first reason, his lack of legal sophistication is not itself an extraordinary circumstance warranting equitable tolling, *see Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006); *see also Majoy v. Roe*, 296 F.3d 770, 776 n.3 (9th Cir. 2002). He has made no factual showing of his general lack of education. Also, his allegations regarding limited access to prison libraries are conclusory and lack sufficient detail. Specifically, he does not state how much library time he was allowed, or whether he used such time, though he admits he had law library access as of 2004, two years before the federal filing deadline. Though he alleges that he was never informed about AEDPA's filing deadline, he does not allege that the prison libraries lacked such information.

His allegations that his legal paperwork had been sent to his family are also insufficient. He does not state whether he attempted to regain possession of his legal papers, exactly what these legal papers were, and that they were necessary or even helpful in

No. C 10-0762 RS (PR)
ORDER OF DISMISSAL

United States District Court
For the Northern District of California

1  pursuing relief. *Chaffer v. Prosper*, 592 F.3d 1046, 1049 (9th Cir. 2010).

2      As to his second reason, petitioner alleges that appellate counsel failed to raise claims

3  of ineffective assistance of counsel, and then "abandoned" him after filing a petition for

4  review in the state supreme court.  These allegations are insufficient to warrant equitable

5  tolling.  First, they are conclusory.  Petitioner fails to detail in any way how trial counsel was

6  ineffective, and thereby also fails to show why appellate counsel should have raised claims

7  regarding such alleged ineffectiveness.  Second, appellate counsel was appointed by the state

8  to assist him during direct state judicial review of his convictions, not to aid in the filing of a

9  federal petition.

10      In sum, petitioner's allegations fail to provide sufficient reason justifying the

11  extraordinary relief of equitable tolling.  Specifically, he fails to give sufficient justification

12  for the three-year delay between the date his convictions became final and the filing of his

13  first state habeas petition.  He also fails to account sufficiently for the nearly five-year delay

14  between the date his convictions became final and the filing of the instant federal habeas

15  petition.

### CONCLUSION

17      For the reasons stated above, respondent's motion to dismiss the petition as untimely

18  (Docket No. 17) is GRANTED.  Accordingly, the action is DISMISSED.

19      A certificate of appealability will not issue.  Petitioner has not shown "that jurists of

20  reason would find it debatable whether the petition states a valid claim of the denial of a

21  constitutional right and that jurists of reason would find it debatable whether the district court

22  was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).   The

23  Clerk shall enter judgment in favor of respondent, terminate Docket No. 17, and close the

24  file.

25      **IT IS SO ORDERED**.

26  DATED:  August 7, 2013

RICHARD SEEBORG
United States District Judge

No. C 10-0762 RS (PR)
ORDER OF DISMISSAL

*United States District Court*
For the Northern District of California